UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

MARYLOU CERQUIERA,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.

## NOTICE OF REMOVAL

Defendant, KOHL'S DEPARTMENT STORES, INC. (hereinafter "KOHL'S" or "Defendant") files this Notice of Removal to remove the foregoing cause to the United States District Court for the Middle District of Florida, Orlando Division, and respectfully shows this Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

This Notice of Removal is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332 *et seq.*

### II. BASIS FOR DIVERSITY JURISDICTION

1.    Plaintiff, MARYLOU CERQUIERA ("Plaintiff"), commenced this civil action in the Ninth Judicial Circuit Court in and for Orange County, Florida styled MARYLOU CERQUIERA v. KOHL'S DEPARTMENT STORES, INC., CASE NO. 2019-CA-1187 (the "Action"). Attached hereto as Exhibit "1" is a copy of said Complaint.

2. KOHL'S was served with the Complaint on or about February 11, 2019. Therefore, the time for removal did not begin to run until said date. Attached hereto as part of Exhibit "2" is the service proof of said Complaint.

3. While the Complaint is highly vague and ambiguous, this is an alleged personal injury case in which KOHL'S is alleged to have been liable to Plaintiff for a purported battery by KOHL'S, a Delaware entity, on Plaintiff, a Florida resident, as well as the purported negligent hiring or retention and negligent training and supervision of KOHL's. The Complaint also alleges a claim of intentional infliction of emotion distress and seeks recovery of punitive damages. In short, Plaintiff alleges that on October 15, 2017, she was permanently injured and emotionally scarred when she was purportedly battered by independent contractors, employees, servants, and/or agents of KOHL'S while at the KOHL'S store located at 7143 Narcoossee Road, Orlando, Florida.[1] Subsequently, Plaintiff alleges a host of legal conclusions centered around claims of battery, negligent hiring, negligent training and supervision, negligence, and intentional infliction of emotional distress.

4. Undersigned counsel received a copy of said Complaint on or about February 19, 2019 and advised Plaintiff on or about February 22, 2019 of Defendant's intention to remove this action. Attached hereto as part of Exhibit "3" is Defendant's correspondence to Plaintiff's counsel dated February 22, 2019 providing notice of the intent to remove and the accompanying proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. Undersigned counsel also prepared a Motion for Extension of Time to Respond to the Complaint and a Motion for Extension of Time to Respond to Discovery Served with the Complaint citing how this case would be removed. Attached hereto as Exhibit "4" is Defendant's Motions for Extension of Time.

---

[1] See Complaint ¶¶ 4, 7 and 9.

Undersigned counsel further prepared the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. Attached hereto as part of Exhibit "3" is the proposed Joint Stipulation On Alleged Damages for signing by Plaintiff's counsel. One of the main basis of the Joint Stipulation was to cap alleged damages and thus preclude removal of this matter to federal court. Plaintiff's counsel has refused to execute the Joint Stipulation of Alleged Damages.

5. Defendant KOHL'S seeks removal to the Middle District of Florida, Orlando Division, the District in which the action is now pending.

6. This Notice is filed within thirty (30) days of the date that KOHL'S first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. § 1446(b).

8. Following the filing of this Notice with this Court, written notice of the filing of same will be provided to the attorney for Plaintiff as required by law.

9. Following the filing of this Notice with this Court, a true and accurate copy of the same will be filed with the Clerk of Court of the Ninth Judicial Circuit Court in and for Orange County, Florida as required by law.

10. Attached to this Notice as part of Exhibit "4" are all true and legible copy of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

11. This Court has removal jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1441(a). This Court has original jurisdiction of this action under the provisions of Title 28 of the United States Code, § 1332.

12. The Complaint states that Plaintiff seeks damages in excess of the jurisdictional limits of the Florida Circuit Court, as well as "other and further relief under all applicable state or

federal law."[2] The damages available to Plaintiff, if she prevails, are not limited in any fashion, however. Plaintiff alleges that as a result of the alleged intentional torts and negligence, Plaintiff suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, loss of ability to earn money in the future, and aggravation of a previous existing defect or infirmity. Plaintiff also alleges the losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.[3] In addition to the foregoing, Plaintiff claims she suffered substantial emotional distress or mental harm, and seeks recovery of punitive damages. Defendant has also received a limited amount of medical records which further demonstrate that Plaintiff's damages claim is in excess of $75,000.00. Plaintiff allegedly sustained the following severe injuries as a result of the subject incident: disc injuries consisting of diffuse disc bulge at L2-3, L3-4, L4-5; disc herniation at L5-S1; mild cranial extrusion at L5-S1; lateral recess stenosis and mild central stenosis at L5-S1; threatened impingement of the right S1 nerve root; pain in the thoracic spine resulting in multiple perineural injections for TP of the neck and upper thoracic; strain of muscles and tendons of the rotator cuff and right shoulder resulting in multiple injections to the supraspinatus distal tendon of the right shoulder; and emotional distress. *See* Exhibit "5" limited redacted medical records.

        13.    Additionally, Plaintiff's pre-suit demand of March 26, 2018, claims Plaintiff "suffered $100,000.00 in [special damages]," including $24,477.00 in past and future medical expenses, $42,887.00 in past and future pain and suffering, and $32,636.00 in past and future mental anguish/emotional distress. Plaintiff's pre-suit demand made a settlement offer of

---

[2] Complaint at page 10.

[3] Complaint, paragraph 26.

- 4 -

$100,000.00 and is further evidence that the $75,000.00 amount in controversy requirement is satisfied. *See* pre-suit demand dated March 26, 2018 attached hereto as Exhibit "6".

14. Florida jury verdict searches, attached hereto as Exhibit "7", for similar injuries consisting of herniated discs and disc bulges at the thoracic and lumbar spine, and shoulder injuries requiring injections demonstrate that the verdict awards greatly exceed the amount in controversy requirement of $75,000.00. See *Lloyd v. Giambra*, 2009 FL Jury Verdicts Rptr. LEXIS 883(Hernando County 2009) ($126,000 verdict for injuries consisting of disc bulges at T4-T5, T5-T6, T11-T12, C3-C4, C4-C5, C5-C6, C6-C7, L1-L2 and L3-L4; with a recommendation of surgery); *Horner v. Ford,* No. 50-2015-CA-003895-XXXX-MB (Palm Beach County May 17, 2018) ($102,770.41 verdict for injuries consisting of herniated disc at L4-5 and bulging cervical disc requiring epidural injections, including $34,770 for past medical costs and $68,000.00 for future medical costs); *Angulo v. Carnival Corporation,* No. 03-04642-CA-23 (Miami-Dade County, 2005) ($333,642.49 verdict for injuries consisting of herniated discs and nerve impingement at L5-S1, bulging discs at the thoracic spine, nerve impingement and herniated disc at C4-5, and myofascial syndrome); *Grasso v. State Farm Mutual Automobile Insurance Company,* Case No. 15-CA-1367 (Pinellas County July 20, 2016) ($275,000.00 verdict for injuries consisting of disc bulges at C4-5, C5-6, C6-7, L3-4, L4-5, and L5-S1, requiring physical therapy and pain management treatment); ; *Robbins v. Sablich*, 2002 FL Jury Verdicts Rptr.LEXIS 1364, Broward County, 2002 (Plaintiff recovered $84,169.00, including $10,759.00 for past medical expenses; $22,600 for future medical expenses; $50,810 for past and future pain and suffering for an alleged lumbar herniated disc and headaches; posterior nucleus pulposus at L5-S1 and a 10-15% impairment rating); *Thompson v. Allota,* 1991 FL Jury Verdicts Review LEXIS 897 (Palm Beach County 1991) ($98,719 for injuries including a cervical sprain and strain and a torn rotator cuff

requiring arthroscopic surgery); and *Berman v. Otis Elevator Co.*, No., 92-21639 CA 10, FJVR Reference No. 93:11-19, 1993 FL Jury Verdicts Rptr. LEXIS 3146 (Miami-Dade County 1993) ($313,202.00 for injuries including torn right rotator cuff and a 10 percent disability, including $23,202 for past medical expenses, $250,000.00 for past and future pain and suffering and $40,000.00 for lost consortium). See Exhibit "7", jury verdict searches.

15. Further, Plaintiff's counsel refused to execute a proposed Joint Stipulation of Alleged Damages limiting alleged damages to $75,000.00 or less and thus avoiding this removal. In short, based on these allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[4]

16. Plaintiff is a citizen of Florida and Defendant KOHL'S is a Delaware corporation with its principal place of business located at 129 Orange Street, Wilmington, Delaware. KOHL'S is therefore a citizen of the State of Delaware.

17. Accordingly, there is complete diversity of citizenship between the actual and real parties, the requirements of 28 U.S.C. § 1441(b) have been met since Defendants are not citizens of Florida, the State in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff whom is a citizen of Florida and Defendants whom are citizens of foreign jurisdictions. Accordingly, Defendant KOHL'S respectfully request that this action

---

[4] Also, this matter is related to another matter which is being removed to federal court based upon diversity jurisdiction which further supports the alleged amount in controversy exceeds $75,000.00. Defendant will be filing a motion to consolidate once both matters are removed.

proceed in this Court as an action properly removed pursuant to 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1441, *et seq.*

Respectfully submitted,

s/William A. Potucek

Michael Alexander Garcia
Fla. Bar No. 0161055
Email: mgarcia@fowler-white.com
William A. Potucek
Fla. Bar No. 0100577
Email: wpotucek@fowler-white.com
FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2019, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/William A. Potucek
William A. Potucek

## SERVICE LIST

CASE NO.

Craig R. Lynd, Esq.
Fla. Bar No. 122210
Jeffrey S. Kaufman, Esq.
Fla. Bar No. 99538
Kaufman & Lynd, PLLC
200 E. Robinson Street, Suite 250
Orlando, FL 32801
craiglynd@kaufmanlynd.com; rrosso@kaufmanlynd.com; and
litigation@kaufmanlynd.com
*Counsel for Plaintiff*